IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| K-BEECH, INC. | : |
| Plaintiff | : |
| v. | : |
| | : Civil Action No. DKC 11-1764 |
| DOES 1-32 | : |
| Defendants | : |

MOTION TO QUASH SUBPOENA
AND TO DISMISS CASE

COMES NOW, Defendant Doe 21 (IP Address 71.166.56.119), by and through undersigned counsel, and moves this Honorable Court to Quash the subpoena issued by Plaintiff K-Beech, Inc. ("K-Beech"), and to also dismiss the case in its entirety.

I.   Introduction.

Plaintiff K-Beech, Inc. ("K-Beech") has alleged that thirty-two (32) defendants, using two (2) Internet Service Providers ("ISP"), over a period of almost six (6) weeks individually downloaded a movie to which they allege they own the copyright. Joinder is improper and inclusion of thirty-two (32) defendants in a case where each defendant will require separate trials with separate witnesses, different evidence, and different legal theories and defenses will lead to confusion of the jury. There is no justification for the expense or confusion of 32 parties to be notified to participate in pleadings, discovery, depositions, and hearings. For this reasons, this Honorable court should quash the subpoena issued by Plaintiff, sever the case by defendants, dismiss the complaint with respect to at least Doe 21, and if an amended complaint is allowed, require Plaintiff to pay a separate filing fee with each case.

## II. Defendants have been improperly joined

Federal Rule of Civil Procedure 20 states that [a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. Federal Rule of Civil Procedure 21 states that "[p]arties may be dropped or added by order of the court ... of its own initiative at any stage of the action and on such terms as are just." Alternatively, "[a]ny claim against a party may be severed and proceeded with separately." Id.

In this case, there is no allegation that the thirty two (32) defendants acted in concert, that the allegations relating to the thirty two (32) defendants arose out of the same transaction, or that the thirty two (32) lawsuits concern an issue of law or fact common to all defendants. From the face of the complaint it is clear that the thirty two (32) defendants allegedly, at different times and dates, engaged in separate and distinct acts of downloading a motion picture, using two (2) different Internet Service Providers ("ISPs")[1] over a period of almost six (6) weeks[2].

In BMG Music v. Does, the Court notes that numerous District Courts have found that in nearly identical, analogous lawsuits that joinder was improper in these types of cases. BMG Music v. Does, 2006 U.S. Dist. LEXIS 53237 (2006). See Twentieth Century Fox Film Corp. V. Does 1-12, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing multiple Doe defendants in a copyright infringement case where although defendants used the same ISP to

---

[1] The ISPs allegedly used include Comcast Cable and Verizon Internet Services.

[2] Defendants allegedly downloaded the movie on dates from April 24, 2011(Doe No. 2) to June 1, 2011 (Doe no. 21).

## II. Defendants have been improperly joined

Federal Rule of Civil Procedure 20 states that [a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. Federal Rule of Civil Procedure 21 states that "[p]arties may be dropped or added by order of the court ... of its own initiative at any stage of the action and on such terms as are just." Alternatively, "[a]ny claim against a party may be severed and proceeded with separately." Id.

In this case, there is no allegation that the thirty two (32) defendants acted in concert, that the allegations relating to the thirty two (32) defendants arose out of the same transaction, or that the thirty two (32) lawsuits concern an issue of law or fact common to all defendants. From the face of the complaint it is clear that the thirty two (32) defendants allegedly, at different times and dates, engaged in separate and distinct acts of downloading a motion picture, using two (2) different Internet Service Providers ("ISPs")[1] over a period of almost six (6) weeks[2].

In BMG Music v. Does, the Court notes that numerous District Courts have found that in nearly identical, analogous lawsuits that joinder was improper in these types of cases. BMG Music v. Does, 2006 U.S. Dist. LEXIS 53237 (2006). See Twentieth Century Fox Film Corp. V. Does 1-12, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing multiple Doe defendants in a copyright infringement case where although defendants used the same ISP to

---

[1] The ISPs allegedly used include Comcast Cable and Verizon Internet Services.

[2] Defendants allegedly downloaded the movie on dales from April 24, 2011(Doe No. 2) to June 1, 2011 (Doe no. 21).

allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); In the Matter of DIRECTV, INC. Cases pending in the Northern District of California, 2004 U.S. Dist. LEXIS 24263, No. C-02-5912-JW (N.D. Cal. July 26, 2004) (Ware, J.) (similar finding in a case involving encrypted satellite communications); Interscope Records v. Does 1-25, 2004 U.S. Dist. LEXIS 27778, Case No. 6:04-cv-197-Orl-22DAB (M.D. Fla. April 27, 2004) (similar finding in a case involving sound recordings); BMG Music v. Does 1-203, 2004 U.S. Dist, LEXIS 8457, at 2-3 (B.D. Pa. Apr. 2, 2004) (affirming earlier sua sponte determination of severance in sound recording case); cf., DIRECTV, Inc. v. Adrian, 2004 U.S. Dist. LEXIS 8922, 2004 WL 1146122, at 3 (N.D. Ill. May 18, 2004) (severing multiple defendants who allegedly possessed and used devices and equipment to illegally intercept plaintiffs satellite communications); DIRECTV, Inc. Y. Boggess, 300 F. Supp. 2d 444, 449 (S.D. W. Va. Feb. 6, 2004) (same); DIRECTV v. Lewis, 2004 U.S. Dist. LEXIS 8864, 2004 WL 941805, at 7 (W.D.N.Y. Jan. 6, 2004) (same)." *BMG,* supra, at p. 6 - 7, HN 5.

Since it was clear that joinder was improper, the *BMG* Court severed all of the defendants and dismissed the action against all of the defendants except Doe No. 1: "Since defendants' actions do not arise out of the same transaction or occurrence, nor are they a part of a series of connected transactions or occurrences, the court finds that defendants are improperly joined. The claims against the four defendants are unique and will require separate trials as they may involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury." BMG Music, et al., v. Does 1-203, 2004 U.S. Dist. LEXIS 27779, at 2 (I.D. Penn. 2004) (citing United States v. 1071.08 Acres of Land, 564 F.2d 1350 (9th Cir. 1977)). As the facts of this case are nearly identical to the *BMG* case, this Court should provide similar

- 3 -

relief.

**WHEREFORE,** Defendant Doe 21 (IP Address 71.166.56.119) moves this Honorable Court to Quash the subpoena issued by K-Beech, Inc., sever the case by defendants, dismiss the complaint with respect to at least Doe 21, and if an amended complaint is allowed, require Plaintiff to pay a separate filing fee with each case.

Respectfully Submitted,

McCARTHY, WINKELMAN & MORROW, L.L.P.

By: *(signature)*
Thomas C. Morrow
USDC-MD Bar No. 00098
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland   20716-2668
301-262-7422
*Attorney for Defendant Doe 21*

### STATEMENT OF POINTS AND AUTHORITIES

1. Fed. R. Civ. Proc. 20.
2. Fed. R, Civ. Proc. 21.
3. BMG Music v. Does, 2006 U.S. Dist. LEXIS 53237 (2006).

*(signature)*
Thomas C. Morrow

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21ST day of July, 2011, I mailed a copy of the foregoing by first-class mail to:

Jon Alexander Hoppe
Maddox, Hoppe, Hoofnagle and Hafey, LLC
1401 Mercantile Lane, Suite 105
Largo, MD 20774
*Counsel for Plaintiff*

_____
Thomas C. Morrow

- 5 -

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| **K-BEECH, INC.** : | |
|     **Plaintiff** : | |
| **v.** : | Civil Action No. DKC 11-1764 |
| **DOES 1-32** : | |
|     **Defendants** : | |

**ORDER TO QUASH SUBPOENA**
**AND TO DISMISS DEFENDANT DOE 21**

In consideration of the Defendant Doe 21 (IP Address 71.166.56.119)'s Motion to Quash Subpoena and to Dismiss Case, and any reply in opposition thereto, the motion is **GRANTED** and it is further

**ORDERED** that any subpoenas, including but not limited to the subpoena issued to Verizon Internet Services for Defendant Doe No. 21's information, is **QUASHED**; and it is further

**ORDERED** that the defendants in this case are severed; and it is further

**ORDERED** that the Complaint is **DISMISSED** and that any allowed amendment of the ease require that Plaintiff file individual cases with respect to the individual defendants and pay a separate filing fee with each case.

_____        _____
Date                                                Hon. Deborah K. Chasanow, United States District Judge